IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JANE DOE,** *et al.***,**

      **Plaintiffs,**

  v.

**OHIO HI-POINT SCHOOL
DISTRIC BOARD OF EDUCATION,** *et al.***,**

      **Defendants.**

Case No. 2:20-cv-4798
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Intervenor Plaintiff State Farm Fire and Casualty Company's ("State Farm") Motion for Default and/or Summary Judgment. (ECF No. 54.) State Farm seeks a declaration that it "owes no duty to defend or indemnify [Defendant] Minor Student 2 against Plaintiffs' claims in this action," through default judgment or summary judgment. (ECF No. 57 at 5.) Defendants Ohio Hi-Point School District Board of Education, Rick Smith, Tonya N. Ramey, Jon Cook, John Wilson, Robin Harrington, Jaclyn Atherton, Melissa Gonglik, Amy McCarthy, Caleb Lang, and Kaitlyn King (collectively, "Ohio Hi-Point Defendants") filed a response in opposition (ECF No. 55), and State Farm replied (ECF No. 57). Plaintiffs Jane Doe, Mary Doe, Dan Doe, and Jenny Doe (collectively, "Plaintiffs") filed a response in opposition (ECF No. 56) and State Farm replied (ECF No. 62.) Defendant Minor Student 2 filed a response in opposition therein requesting a reasonable extension of time to, among other things, obtain proper counsel, respond to State Farm's intervenor complaint, and respond to State Farm's summary judgment motion. (ECF No. 61.) State Farm replied soon after. (ECF No. 66.)

1

For the following reasons, the Court **DENIES IN PART** and **HOLDS IN ABEYANCE IN PART** State Farm's Motion for Default and/or Summary Judgment as to Ohio Hi-Point Defendants and Plaintiffs, (ECF No. 54), and **GRANTS** Defendant Minor Student 2's request for a reasonable extension of time.

## I. BACKGROUND

Plaintiffs Jane Doe, her mother Mary Doe, her father John Doe, and sister Jenny Doe (collectively, "Plaintiffs") have brought an eighteen-count complaint seeking declaratory, injunctive, and/or legal relief against forty-eight different named and unnamed defendants.[1] (Compl., ECF No. 3.) One of those defendants is Defendant Minor Student 2. Plaintiffs allege, specifically, that Minor Student 2 raped Plaintiff Jane Doe on the Ohio Hi-Point school campus in October 2019. (*Id.* at ¶ 143.) Accordingly, they now bring an assortment of civil claims against him for, among other things, negligence/gross negligence, intentional infliction of emotional distress, assault and battery, and rape. (*Id.* at ¶¶ 262-75, 286-98, 354-64.)

### A. State Farm's Insurance Policy

On June 9, 2019, State Farm issued a one-year Homeowner's Policy (Policy No. 35-BU-S620-7) (the "Policy") to Defendant Minor Student 2's parents. (State Farm Compl., ECF No. 44 at ¶ 7.) The Policy specifically "provide[d] liability coverage for sums that the insured becomes legally obligated to pay as damages because of bodily injury and property damage . . . caused by an occurrence." (*Id.* at ¶ 8.) Under the Policy, an "occurrence" constituted any "accident including

---

[1] Specifically, Plaintiffs allege violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12131 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; Individuals with Disabilities Education Act (IDEA); Title IX of the Education Amendments of 1972, as amended; Mandatory Reporting Requirements under R.C. § 5123.01; 34 U.S.C. § 20341 for violations of the Child Abuse Protection Act; 42 U.S.C. § 1983 for violations of substantive due process and equal protection under the Fourteenth Amendment; violations of the right to free speech under the First and Fourteenth Amendments; torts of common law false imprisonment and intentional infliction of emotional distress; and civil recovery for criminal acts under R.C. § 2307.60 including for kidnapping, abduction, and failure to report a crime. (Compl., ECF No. 3 at PageID #94.)

exposure to conditions, which results in: a. bodily injury; or b. property damage." (*Id.* at ¶ 9.) It further defined "bodily injury" as "physical injury, sickness, or disease to a person," which included "required care, loss of services and death resulting therefrom." (*Id.* at ¶ 10.) The term specifically excluded, however, "emotional distress, mental anguish, humiliation, mental distress, mental injury or any similar injury unless it arises out of actual physical injury to some person." (*Id.*)

As State Farm notes, the Policy did not extend coverage to "bodily injury or property damage that: (1) was a result of a: (a) willful and malicious; or (b) criminal; act or omission of the insured; (2) was intended by the insured; or (3) would have been expected by the insured based on a reasonable person standard," or for "bodily injury or property damage arising out of any actual, alleged, or threatened: (1) sexual harassment, sexual molestation, or sexual misconduct; (2) physical or mental abuse; or (3) corporal punishment; by the insured." (*Id.* at ¶¶ 11–12.) Additionally, it excluded coverage for "punitive or exemplary damages or attorney fees associated with these damages." (*Id.* at ¶ 13.)

State Farm now asserts that "an actual, justiciable, and ripe controversy presently exists between State Farm and Minor Student 2 as to whether the Policy provides coverage for the claims set forth in Plaintiffs' Complaint against Minor Student 2." (*Id.* at ¶ 15.) It specifically seeks a declaration that it does not have a duty to defend or indemnify Minor Student 2 against Plaintiffs' claims under the Policy, given its limited definition of an "occurrence" and its specific coverage exclusions. (*Id.* at ¶ 17.)

B. Minor Student 2's Military Service

On August 30, 2021, Minor Student 2 enlisted in the United States Marine Corps. (ECF No. 61 at PageID #533.) He attended basic training from November 15, 2021, to February 11,

3

2022. (*Id.*) Thereafter, he was assigned to combat training at Camp Giger in North Carolina and remained there until approximately April 6, 2022. (*Id.*) After that, he presumably enrolled in military occupational specialty ("MOS") program. (*Id.*)

### C. State Farm's Motion for Default Judgement and/or Summary Judgment Against All Parties; Minor Student 2 Counsel's Conflict of Interest

On February 18, 2022, State Farm moved for default and/or summary judgment against Ohio Hi-Point Defendants, Plaintiffs, and Minor Student 2. (ECF No. 54.) At that point, Minor Student had retained attorneys Anne Keeton and Julianne Bush to represent him in this case. (*See* ECF No. 41.) On March 11, 2022, attorney Zebulon Wagner entered a "limited notice of appearance" on behalf of Minor Student 2.[2] (ECF No. 60.) That same day, Mr. Wagner filed a response in opposition to State Farm's motion. (ECF No. 61.) Therein, Mr. Wagner represented that it "has been impossible for Minor Student #2 to defend" against State Farm's claims due to both his enlistment in the Marine Corps and his initial counsel's apparent conflict of interest with State Farm. (*Id.* at PageID #533.) Mr. Wagner further noted that he had only been able to communicate once with his client (via e-mail), and that Minor Student 2's "opportunities to communicate are limited, after hours, and sometimes after multiple days of no sleep as he participates in combat training in the field." (*Id.* at PageID #535.) To that extent, Mr. Wagner, among other things, requested a "reasonable extension of time" for Minor Student 2 to "(i) obtain insurance coverage defense counsel to defend [against] the claims set forth within State Farm's

---

[2] Mr. Wagner specifically noted that his appearance is only for the

> limited purpose of (i) responding to Intervenor State Farm Fire and Casualty Company's ("State Farm") Motion for Default Judgment and/or Summary Judgment; and (ii) to request a continuance and/or stay of proceedings for Minor Student #2 to obtain counsel to respond to State Farm's Motions and in accordance with the Servicemembers Civil Relief Act ("SCRA") 50 USC §§ 3931(d) and 3932(b).

(ECF No. 60.)

4

Complaint; (ii) file an Answer to State Farm's Complaint out of time; and (iii) respond to State Farm's Motion for Summary Judgment." (*Id.* at PageID #536.)

## II. APPLICABLE LAW

### A. Default Judgment

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (quoting *Broad. Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011)). Second, if the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P. 55(b).

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "party seeking summary judgment always bears the initial responsibility of informing the

5

district court of the basis for its motion and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Id.* at 323.

### III. STATE FARM'S MOTION FOR DEFAULT JUDGMENT AND/OR SUMMARY JUDGMENT

State Farm, as noted, seeks declaratory relief against three specific parties: the Ohio Hi Point Defendants, Plaintiffs, and Minor Student 2. The Court addresses its Motion for Default Judgment and/or Summary Judgment with respect to each party.

#### A. Ohio Hi-Point Defendants

Ohio Hi-Point Defendants raise three arguments in opposition to State Farm's Motion for Default Judgment and/or Summary Judgment. Specifically, they note that (1) State Farm did not name Ohio Hi-Point Defendants as Intervention Defendants in its Intervening Complaint, (2) State Farm did not plead any claims against or seek any relief from Ohio Hi-Point Defendants, and (3) there is no actual, justiciable, and ripe controversy between State Farm and Ohio Hi-Point Defendants, such that there is nothing for this Court to adjudicate. (ECF No. 55 at PageID #516.) On all of these grounds, they argue that neither default judgment nor summary judgment is appropriate. (*Id.*)

State Farm concedes that it failed to name the Ohio Hi-Point Defendants in its intervening complaint, and that it did not specifically plead any claims against them therein. Nevertheless, it notes it is "requesting a declaration against all of the parties in the underlying litigation," and that "[t]o only seek a declaration as to its insured would defeat the purpose of a declaratory judgment action, which is binding on *all* parties." (ECF No. 57 at PageID #525) (emphasis added). State Farm further observes that "[t]he Declaratory Judgment Act empowers courts to declare the rights 'of any interested party,'" which, it argues, would include the Ohio Hi-Point Defendants, given

6

that they would be bound by this Court's "declaration of rights" with regard to the coverage of its policy. (*Id.* at PageID #526.)

The Declaratory Judgment Act provides in relevant part:

> [i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201. In analyzing the justiciability of a claim under the Declaratory Judgment Act, the Sixth Circuit has held:

> [i]n addition to the 'actual controversy' requirement of this statute, the 'case and controversy' clause of the United States Constitution applies to declaratory judgment actions as well as to other cases of a more conventional nature . . . The test for determining the 'case or controversy' and 'actual controversy' issues is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Little Hocking Water Ass'n, Inc. v. E.I. du Pont Nemours & Co.*, 91 F. Supp. 3d 940, 986–87 (S.D. Ohio 2015) (quoting *Hilliard v. First Fin. Ins.*, No. 91-6238, No. 1992 WL 164998, *2 (6th Cir. July 16, 1992)).

State Farm argues that an "actual controversy" exists between *all* parties—namely, with respect to the coverage of the Homeowner's Policy it issued Minor Student 2's parents. (ECF No. 57 at PageID #524-25.) It fails, however, to meaningfully address the "case or controversy" requirement noted above. The claims in State Farm's Intervening Complaint stem solely from the Homeowners Policy between Defendant Minor Student 2's parents and State Farm. (ECF No. 44 at ¶ 7.) Ohio Hi-Point Defendants are not parties to that contract, and State Farm does not allege that they are. (*See generally* ECF No. 44.) Indeed, as State Farm itself explicitly noted in its intervening complaint, "an actual, justiciable, and ripple controversy presently exists between

7

State Farm *and Minor Student 2* as to whether the Policy provides coverage for the claims set forth in Plaintiffs' Complaint against Minor Student 2." (ECF No. 44 at ¶ 15) (emphasis added).

State Farm, in sum, has failed to allege any facts that show there is a "substantial controversy of sufficient immediacy and reality" between it and the Ohio Hi-Point Defendants. Thus, insofar as its Motion for Default Judgment and/or Summary Judgment concerns those defendants, it is **DENIED**. (ECF No. 54.)

### B. Plaintiffs

Plaintiffs argue that State Farm is ineligible to obtain declaratory relief against them for essentially the same reasons as it is against the Ohio Hi-Point Defendants. They assert, for one, that they had no responsibility to submit a response to State Farm's Intervening Complaint because they were not named in State Farm's Intervening Complaint and are not a party against which State Farm seeks affirmative relief. (ECF No. 56 at PageID #521.) They further note that State Farm is not entitled to summary judgment against them because its motion "concerns its responsibility to its own insured, Minor Student 2"—specifically, whether to provide him a defense. (*Id.* at PageID #520.) And as they put, that issue arises "regardless of whether coverage for indemnity is applicable." (*Id.*)

State Farm counters Plaintiff's assertions with the same arguments it raised against the Ohio Hi-Point Defendants. In other words, it contends that, notwithstanding its failure to identify Plaintiffs as a defendant in its intervening complaint, or its failure to make any actual allegations or claims against them, it is nonetheless entitled to declaratory relief with respect to Plaintiffs because they "will be bound by a declaration of rights" under the insurance policy issued to Minor Student 2. (ECF No. 62 at PageID #542.) This argument fails for the same reasons elaborated above: State Farm has not shown, on the facts alleged, that there is a "substantial controversy of sufficient immediacy and reality" between it and Plaintiffs. *See Hilliard*, 1992 WL 164998 at *2.

Accordingly, insofar as it applies to Plaintiffs, State Farm's Motion for Default Judgment and/or Summary Judgment is **DENIED**. (ECF No. 54.)

### C. Minor Student 2

Minor Student 2 has requested, among other things, "a reasonable extension of time to (i) obtain insurance coverage counsel to defend the claims set forth within State Farm's Complaint; (ii) file an Answer to State Farm's Complaint out of time; and (iii) respond to State Farm's Motion for Summary Judgment."[3] (ECF No. 61 at PageID #576.)

Rule 6(b) of the Federal Rules of Civil Procedure governs requests such as these. Specifically, it states:

> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> > (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b). Federal Rule of Civil Procedure 56 requires a responsive pleading from a party affected by a motion for summary judgment within 21 days. Fed. R. Civ. P. 56. State Farm filed its Motion for Default and/or Summary Judgment on February 18, 2022, and Minor Student 2 filed its response 21 days later on March 11, 2022. (ECF No. 54 at 2; ECF No. 61 at 7.) Thus, Minor Student 2 has properly requested an extension of time under Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure.

---

[3] Minor Student 2 also asks this Court for a ninety-day stay pursuant to 50 U.S.C. §§ 3931(d) and 3932(b). He qualifies under neither of these statutes, however, given that he (1) already "appeared" in this suit (via Ms. Keeton) and answered Plaintiffs' claims when State Farm filed the instant action (*see* ECF Nos. 41, 44), and (2) has not produced a "letter or other communication" from his "commanding officer" noting that his "current military duty prevents appearance and that military leave is not authorized" for him at the time of the letter. *See* §§ 3931(a) (cabining § 3931's applicability to those where "the defendant does not make an appearance") and § 3932(b) (requiring letter from commanding officer to stay an action for up to 90 days).

Minor Student 2 has demonstrated good cause to warrant an extension of time. As he notes, the counsel he initially retained in this case "cannot represent his interests as it relates to State Farm's Complaint. (ECF No. 61 at PageID #533.) And as far this Court is aware, Minor Student 2's military service has given him little opportunity to communicate with the additional counsel he has retained (who, again, has only appeared on his behalf in a "limited" capacity). (ECF No. 61 at PageID #535.)  State Farm, acknowledging this, notes that it does not "oppose a reasonable extension for Minor Student 2 to obtain insurance coverage counsel and/or file an Answer out of time as it relates to State Farm's Intervening Complaint and the coverage issues." (ECF No. 66 at PageID #552.)

For these reasons, Minor Student 2 shall have **FORTY-FIVE (45) DAYS** from the date of this Order to (i) obtain insurance coverage counsel to defend the claims set forth within State Farm's Intervening Complaint; (ii) file an Answer to State Farm's Intervening Complaint out of time; and (iii) respond to State Farm's Motion for Default Judgment and/or Summary Judgment. Until then, and solely as to him, the Court **HOLDS IN ABEYANCE** State Farm's Motion for Default Judgment and/or Summary Judgment. (ECF No. 54.) State Farm shall have **FOURTEEN (14) DAYS** from the date Minor Student 2's response is filed to reply.

IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** State Farm's Motion for Default and/or Summary Judgment as to the Ohio Hi-Point Defendants and Plaintiffs (ECF No. 54) and **GRANTS** Minor Student 2's an additional forty-five days to (i) obtain insurance coverage counsel to defend the claims set forth within State Farm's Intervening Complaint; (ii) file an Answer to State Farm's Intervening Complaint out of time; and (iii) respond to State Farm's Motion for Default Judgment

and/or Summary Judgment. The Court **HOLDS IN ABEYANCE** State Farm's Motion for Default Judgment and/or Summary Judgment (*id.*) as to Minor Student 2 for the time being.

This case shall remain open.

**IT IS SO ORDERED.**

<u>**9/20/2022**</u>                                                     <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                                            **EDMUND A. SARGUS, JR.**
                                                                    **UNITED STATES DISTRICT JUDGE**