**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JANE DOE, et al.,**

        **Plaintiffs,**                          **Case No. 2:20-cv-4798**
                                                **Judge Edmund A. Sargus, Jr.**

      **v.**                                      **Magistrate Judge Kimberly A. Jolson**

**OHIO HI-POINT SCHOOL DISTRICT
BOARD OF EDUCATION, et al.,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on two related motions, Plaintiffs' Motion to Compel Discovery (Doc. 97) and Defendant Minor Student #2's Motion for Protective Order (Doc. 100). Because the requested discovery is relevant, proportional, and not otherwise objectionable, Plaintiffs' Motion to Compel **is GRANTED** and Defendant Minor Student #2's Motion for Protective Order (Doc. 100) is **DENIED as moot**. Plaintiffs are **ORDERED** to serve Defendant Ohio Hi-Point Board of Education with the pertinent discovery requests on or before December 28, 2022, and Defendant Ohio Hi-Point Board of Education is **ORDERED** to respond to Plaintiffs' requests within twenty-one (21) days thereafter.

## I.    BACKGROUND

Plaintiffs, Jane Doe and her family members, brought this action on September 14, 2020, raising eighteen causes of action against Defendants for various violations of federal and state law. (Doc. 3). In brief, Plaintiff alleges she was sexually assaulted by two classmates, Defendants Minor Student #1 and Minor Student #2, while attending Ohio Hi-Point Career Center (*see id*. at 11, 14, and 35). Plaintiffs have sued those two students. But Plaintiffs say the injury was not only the sexual assault but how Defendants Ohio Hi-Point School District Board of Education ("OHP"),

Rick Smith, Tonya N. Ramey, Jon Cook, John Wilson, Robin Harrington, Jaclyn Atherton, Melissa Gonglik, Kaitlyn King, Caleb Lang, Amy McCarthy, and John/Judy Roes #1–10) responded—or failed to respond—when Plaintiff was sexually assaulted.  (*See generally id.*).

 Litigation has not gone smoothly in this matter.  Several motions on the sufficiency of the pleadings were filed and had to be resolved.  (Docs. 23, 27, 28, 54–57, 61–62).  And, unfortunately, Defendant Minor Student #1 passed away on December 27, 2021.  (Doc. 71-1).  As such, discovery has been delayed.  On January 17, 2022, when the case was already over a year old, Plaintiffs served various Defendants with their first set of discovery requests.  (Docs. 52, 53).  All Defendants responded in the coming months, but, in Plaintiffs' view, critical discovery was not produced.  No Defendant provided Plaintiffs with the requested documentation of the disciplinary action against Defendants Minor Student #1 and Minor Student #2.  (Doc. 97 at 3).  Plaintiffs followed-up with all Defendants at the beginning of October 2022.  (*Id.*).  Defendant OHP responded on October 14, 2022, asserting a bar from releasing the requested documents absent a Family Educational Rights and Privacy Act ("FERPA") release.  (*Id.*).  Defendant Minor Student #2 has also refused to release the requested documents related to his disciplinary records.  (*Id.*).

Discovery closed on October 31, 2022.  (Doc. 69).  Now, Plaintiffs have filed the present Motion to Compel Discovery (Doc. 97).  The Court expedited briefing (Doc. 98) and ordered the parties to attempt to resolve the remaining discovery disputes (Doc. 104).  The parties successfully resolved a dispute related to production of the Title IX investigation (*see generally* Docs. 106 and 107).  As such, only the school records of Defendants Minor Student #1 and Minor Student #2 remain at issue from Plaintiffs' Motion to Compel.  The Motion to Compel is fully briefed (Docs. 97, 99, 100, 103) and ripe for consideration.  Defendant Minor Student #2's Motion for a Protective Order is not ripe, but the Court has enough information to make its decision and no party is

prejudiced from a quicker ruling on the issues. And, given the age of this case, time is of the essence.

## II.      STANDARD OF REVIEW

Two federal rules matter here. Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 37, for its part, allows for a motion to compel discovery when a party fails to answer interrogatories submitted under Rule 33 or to provide proper responses to requests for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (3). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). "While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound, Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

## III.      DISCUSSION

Plaintiffs ask the Court to compel Defendants OHP and/or Minor Student #2 to release "any and all school records, including the disciplinary records, reports, summaries, notes, memoranda, attendance, and any other records of Defendants Minor Student #1 and Minor Student #2 relative to their attendance at [Ohio Hi-Point Schools]. . . ." (Doc. 97 at 1). At the outset, the

Court notes that the request is relevant and proportional to the needs of the case. The at-issue school records might contain evidence related to the central allegations of this case: sexual assault, sexual harassment, and the school's response. Additionally, the production of only two students' school records would not be unduly burdensome to Defendant OHP.

Still, Defendants assert various privileges to stop production. Defendant OHP argues that FERPA and Ohio Revised Code ("O.R.C.") § 3319.321 bar dissemination of the requested school records. (Doc. 99 at 9–17). And Defendant Minor Student #2 opposes Plaintiff's Motion to Compel (Doc. 97), arguing that he is privileged from signing a FERPA release to his school records by his Fifth Amendment right against self-incrimination. (Doc. 100 at 5–11). Additionally, Defendant OHP says it was not properly served the at-issue discovery requests. (*Id.* at 8–9). For the following reasons, the Court rejects Defendants' arguments.

### A. FERPA

As noted, Defendant OHP uses FERPA to resist production of the at-issue school records. FERPA protects student privacy by denying federal funding to "any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information. . .) of students without the written consent of their parents to any individual, agency, or organization. . . ." 20 U.S.C.A. §§ 1232g(a), (b)(1). Still, as Plaintiffs correctly note, FERPA does not absolutely prohibit the disclosure of educational records; it instead "imposes a financial penalty for the unauthorized disclosure of educational records." *Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019, 1023 (N.D. Ohio 2004) (citing *Bauer v. Kincaid*, 759 F. Supp. 575, 589 (W.D. Mo. 1991); *Rios v. Read*, 73 F.R.D. 589, 598 (E.D.N.Y. 1977)). In fact, FERPA makes an exception to financial penalties if educational institutions disclose ordinarily protected records in compliance

with a judicial order, so long as parents and students are notified of such an order before disclosure of the education records.  20 U.S.C. § 1232g(b)(2)(B).  Put differently, "even though FERPA was intended to prevent schools from adopting a policy or engaging in a practice of releasing educational records, it does not prevent discovery of relevant school records under the Federal Rules of Civil Procedure."  *Oakstone Cmty. Sch. v. Williams*, No. 2:11-CV-01109, 2012 WL 1185988 at *2 (S.D. Ohio Apr. 9, 2012) (citing *Ellis*, 309 F.Supp. 2d at 1023).

**1.**     **Defendant Minor Student #1's School Records**

Defendant OHP briefly argues that "Plaintiffs have not cited any binding federal law or cases that state that [FERPA] does not apply to protect the student records of a deceased eligible student[,]" like Defendant Minor Student #1.  (Doc. 99 at 9).  This would mean, as Defendant OHP suggests, it is not permitted to release Defendant Minor Student #1's records.  (*Id.*).  Yet, the U.S. Department of Education has published interpretive guidance on FERPA's applicability to deceased eligible students, specifically its inapplicability to educational records of a deceased student, (Doc. 99 at 9).  *See generally* Does FERPA protect the education records of students that are deceased?, Protecting Student Privacy, U.S. Department of Education, https://studentprivacy.ed.gov/faq/does-ferpa-protect-education-records-students-are-deceased ("Consistent with our analysis of FERPA and common law principles, we interpret the FERPA rights of eligible students to lapse or expire upon the death of the student.  Therefore, FERPA would not protect the education records of a deceased eligible student (a student 18 or older or in college at any age) and an educational institution may disclose such records at its discretion or

consistent with State law.").[1]   While not binding upon the Court, this guidance is useful and persuasive.

The alternative interpretation suggested by Defendant OHP would privilege the privacy interests of a deceased eligible student above and beyond those of living students.   Namely, because alternative methods of complying with FERPA—like obtaining a waiver or notifying the rights-holder in advance of a disclosure mandated by court order—are unavailable when an eligible student is deceased, those student's records would remain absolutely barred from disclosure while living students' records would be subject to those existing exceptions.   Nothing about FERPA suggests it intends this kind of hierarchy.   And the guidance from the U.S. Department of Education directly refutes it.

Accordingly, the Court concludes that FERPA does not prevent Defendant OHP from disclosing the school records of Defendant Minor Student #1 to Plaintiffs per their discovery requests.

### 2.      School Records of Defendant Minor Student #2

Defendant OHP also says FERPA prohibits it from disclosing Defendant Minor Student #2's education records absent a signed release form indicating his consent.  (Doc. 99 at 15).  And, alternatively, Defendant OHP claims it does not possess the records.  (*Id.*).  Addressing the second argument first, Defendant Minor Student #2 signed a FERPA release for the limited purpose of his counsel obtaining his school records.  (*Id.*).  The school sent his records directly to his attorneys. (*Id.*).  Now, Defendant OHP asserts the following: "It is unclear why Plaintiffs have claimed that Defendants have these records now that they have produced the records to counsel for Minor

---

[1] Indeed, the case-in-chief for Defendant OHP's argument (*see* Doc. 99 at 10–11, 14) reiterates FERPA's lack of protection for deceased adult students.  *State ex rel. CNN, Inc. v. Bellbrook-Sugarcreek Local Sch.*, 163 Ohio St.3d 314, 319 (Ohio 2020) ("FERPA's protections. . . are generally understood not to extend to the education records of deceased adults. . . .").

Student 2, but that is an incorrect assumption." (*Id.*).  But, standing alone, the representation that Defendant OHP already produced the records to other counsel does not mean that it cannot produce those records again.  Defendant OHP wants the Court to believe that it sent the school records to Defendant Minor Student #2 without maintaining any electronic or physical copy.  This is hard to believe.  And Defendant OHP, the school board governing the school where Plaintiff Jane Doe's alleged rape occurred, cannot mean to say that those school records, even if not immediately available, are not otherwise in its possession, custody, or control as that term is defined for the purposes of discovery.  *See* Fed. R.Civ. P. 34(a)(1); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (citing *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992).

Turning to FERPA, Defendant OHP has not made a meaningful argument that disclosure is prohibited here.  FERPA is not violated if a school releases such records in compliance with a judicial order and if students are notified of their impending disclosure.  20 U.S.C. § 1232g(b)(2)(B); *see also C.R. v. Novi Cmty. Sch. Dist.*, No. 14-14531, 2016 WL 126250 at *2–3 (E.D. Mich. Jan. 12, 2016).  Defendant Minor Student #2 is fully aware that his school records are sought by Plaintiffs (*cf.* Doc. 100 (responding to Plaintiffs' Motion to Compel)), and he will be duly notified that Defendant OHP is compelled to produce his records to Plaintiffs at the issuance of this Order.  As such, nothing in FERPA prevents Defendant OHP from fulfilling its obligation under the Federal Rules of Civil Procedure to produce Defendant Minor Student #2's school records.

### B.  O.R.C. § 3319.321

Finally, Defendant OHP additionally opposes Plaintiffs' Motion to Compel on the basis that state law prohibits disclosure.  (Doc. 99 at 9–16).  Specifically, it says that O.R.C. § 3319.321

provides more protections than FERPA and those protections bar production of the at-issue discovery. (*Id.*). As an initial matter, it is questionable whether state law governs the discovery obligations of claims based on federal law and litigated in federal court through the constitutional authority of federal-question jurisdiction. *See generally Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998) ("Questions of privilege are to be determined by federal common law in federal question cases.") (citing Fed.R.Evid. 501). Accordingly, this Court has previously held that O.R.C. § 3319.321 cannot obstruct discovery in federal court. *See Smith v. Sw. Licking Sch. Dist. Bd. of Educ.*, No. 209CV778, 2010 WL 3910487, at *3 (S.D. Ohio Oct. 1, 2010) ("To the extent that [O.R.C. § 3319.321] may create a state law privilege for certain student information, such a privilege would not be binding on this Court under Fed.R.Evid. 501. In federal cases dealing with a federal question, Rule 501 states that privilege 'shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'") (citing *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir.1992); *Nilavar v. Mercy Health System–Western Ohio*, 210 F.R.D. 597 (S.D. Ohio 2002)). Still more, "the existence of pendent state law claims does not relieve the Court of '[the] obligation to apply the federal law of privilege.'" *Id.* And, as discussed earlier, federal law—namely FERPA—does not create an absolute privilege as to the release of education records.

But even if the Court were to engage in the analysis of applying state law to this case, O.R.C. § 3319.321 does not protect the records of Defendants Minor Student #1 and Minor Student #2 in this case. The pertinent portions of O.R.C. § 3319.321 provide:

> No person shall release, or permit access to, personally identifiable information other than directory information concerning any student attending a public school . . . without the written consent of the parent, guardian, or custodian of each such student who is less than eighteen years of age, or without the written consent of each such student who is eighteen years of age or older.

Ohio Rev. Code § 3319.321(B). By its title, O.R.C. § 3319.321 intends to limit "public access to records concerning pupils." *Id.* Ohio courts have limited the release of education records under state law when entities make a public records request. *See, e.g., State ex rel. CNN, Inc.*, 163 Ohio St.3d at 314, 319. There is a significant distinction between the interests of a public records requester and the interests of a party in a lawsuit. Production of school records to a party for the limited purpose of discovery in a legal matter does not make the records accessible to the public, particularly when avenues to keep disclosure to a minimum—such as sealing the school records— are readily available. As such, it is debatable whether O.R.C. § 3319.321 applies to this circumstance.

That is why Defendant OHP's read of the Supreme Court of Ohio's decision in *State ex rel. CNN, Inc.* is too broad. (Doc. 99 at 9–14 (arguing that the Supreme Court of Ohio unequivocally ruled that O.R.C. § 3319.321 does not create an exception for deceased students). In that case, the Supreme Court of Ohio determined that a school could not be compelled to release the education records of a deceased student to a news service that filed a public records request for them. *State ex rel. CNN, Inc.*, 163 Ohio St.3d at 314, 319. Here, Plaintiffs did not file a public records request to obtain these school records; they are parties in a civil action. So, even if Ohio law was controlling in evidentiary and discovery issues in federal court, the Supreme Court of Ohio's decision in *State ex rel. CNN, Inc.* does not answer the question here.

Additionally, O.R.C. § 3319.321 prohibits the dissemination of "personally identifiable information." Ohio Rev. Code § 3319.321(B). Redaction can provide additional protection here. Accordingly, to the extent "personally identifiable information" of any student other than Defendants is included in the records, that information may be redacted.

Still more, courts have interpreted O.R.C. § 3319.321 to protect only "students who are currently attending public high school rather than persons who are no longer attending the institution." *Phillips v. Vill. of Carey*, 2000-Ohio-1733, 2000 WL 1061234 at *2 (Ohio Ct. App. 2000). Defendants Minor Student #1 and Minor Student #2 are both former students of Ohio Hi-Point, so Ohio law does not prohibit the release of their school records. For these many reasons, Defendant OHP cannot hide behind O.R.C. § 3319.321.

### C. Fifth Amendment Privilege Against Self-Incrimination

Turning to Defendant Minor Student #2's arguments, he says the Fifth Amendment protects him from being compelled to sign a FERPA release for his school records. (Doc. 100 at 9–11). He also seeks a protective order from the Court "protecting [him] from annoyance, embarrassment, oppression, or undue burden or expense" by "precluding the involuntary execution of a FERPA release form." (*Id.* at 1, 12–13). He claims that the mere production of his school records is testimonial and, because the records contain allegations of rape, the records may be incriminating. (*Id.* at 11). He also says production leaves him at risk of being "ensnared by ambiguous circumstances" surrounding these allegations. (*Id.*).

But Defendant Minor Student #2's concerns are moot. The Court compels Defendant OHP to produce Defendant Minor Student #2's school records in this Order (*see* Sections II.A.ii. and II.B.), and Plaintiffs only seek the production of the school records from Defendant Minor Student #2 in the alternative. (Doc. 97 at 1 ("Plaintiffs… request this Honorable Court to issue an order compelling Defendant [OHP] and/or Defendant Minor Student #2 to release any and all school records….")). Because Plaintiffs will receive the discovery from Defendant OHP, Defendant Minor Student #2's request for protection against an "involuntary execution of a FERPA release" is no longer at issue. (*Id.*).

Additionally, to the extent Defendant Minor Student #2 is requesting a protective order over irrelevant documents in his school records, this argument is also moot.  He asserts that the "vast majority of [his] school records are not relevant to Plaintiffs' claims," such as records related to attendance and grades.  (*Id.* at 7).  Through the conferral process, which occurred after Defendant Minor Student #2 filed his motion, Plaintiffs made clear that they do not seek production of unrelated school records—they want only records relevant to this case.  (Doc. 106 at 5 ("Based on the parties' telephone conference on November 11, 2022, Plaintiffs concede that they do not seek [Defendant Minor Student #2's] unrelated educational records.  They do, however, seek any of [his] school records pertaining to Plaintiffs' claims.")).  Accordingly, Defendant Minor Student #2's Motion for a Protective Order (Doc. 100 at 12–13) is **DENIED as moot**.

### D.  Service of Discovery Requests

Finally, to the extent Defendants OHP and Minor Student #2 argue that Plaintiffs' Motion to Compel is procedurally improper or untimely due to service deficiencies (*see* Doc. 99 at 8–9; Doc. 100 at 7), the Court reopens discovery to allow Plaintiffs to cure the service deficiency raised by Defendants and for compliance with this Order.  Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, the Court may modify a scheduling order for good cause.  Good cause justifies reopening discovery here and briefly extending the dispositive motion deadline.

Defendant OHP specifically argues that they cannot be compelled to release records that were never requested of them.  (Doc. 99 at 8–9).  To remedy the service issues, Plaintiff is **ORDERED** to serve Defendant OHP with the pertinent discovery requests on or before **December 28, 2022**.  Defendant OHP is **ORDERED** to respond to Plaintiff's requests within twenty-one (21) days thereafter.  This shortened response time is justified because Defendants' failure to comply with discovery has caused significant delay in this case.  Further, producing the at-issue documents

should not be burdensome for Defendant OHP since it already produced Defendant Minor Student #2's school records to his counsel.

Additionally, the dispositive motion deadline is extended until **February 27, 2023**. The parties are advised that further extensions will not be granted.

## IV.    CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Compel (Doc. 97) is **GRANTED**, and Defendant Minor Student #2's Motion for a Protective Order (Doc. 100) is **DENIED as moot.**

IT IS SO ORDERED.


Date:  December 21, 2022                          /s/ Kimberly A. Jolson
                                                 KIMBERLY A. JOLSON
                                                 UNITED STATES MAGISTRATE JUDGE